**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN N. THOMSON, *et al.*,

                                                                     Case No. 13-10863

      Plaintiffs,                                            Hon. Lawrence P. Zatkoff

v.

HARTFORD CASUALTY INSURANCE COMPANY,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 19, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Remand this action to State Court [dkt 7]. Defendant responded to the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiffs' motion is DENIED.

## II. BACKGROUND

The instant case involves an underlying state court probate action, which has since concluded. There, Plaintiffs John Thomson, Julia Kassak, Silverio J. Vitello, Paula L. Vultaggio, and Anna Vitello ("Plaintiffs") filed suit against Kathleen O'Brien and Kathleen O'Brien, P.C. ("O'Brien") for breach of

fiduciary duties, breach of trust and legal malpractice. Plaintiffs obtained a judgment in the amount of $770,065.42 against O'Brien on or about December 19, 2012

Plaintiffs then filed a request and writ for garnishment against Defendant Hartford Casualty Insurance Company ("Defendant Hartford") in Oakland County Probate Court, seeking to garnish a series of professional liability policies that Defendant Hartford issued to O'Brien to satisfy the judgment. Defendant Hartford timely filed a notice of removal with this Court, which Plaintiffs now challenge.

### III. LEGAL STANDARD

A civil case filed in state court may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts have original, diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

### IV. ANALYSIS

Plaintiffs' instant motion attacks the removal on several fronts: that Defendant Hartford violated the rule of unanimity by failing obtain or request O'Brien's consent in the removal; that the "probate exception" to the Court's otherwise proper jurisdiction prevents removal; and that the Court should refrain from exercising its discretionary jurisdiction under the Declaratory Judgment Act.

#### A. RULE OF UNANIMITY

It is beyond dispute that Plaintiffs, citizens of Michigan, and Defendant Hartford, a citizen of Indiana and Connecticut, are diverse, and that the amount in controversy exceeds $75,000.00. Nevertheless, Plaintiffs attempt to evade diversity jurisdiction by first arguing that Defendant violated the rule of unanimity by filing its notice of removal without the consent of O'Brien.

Title 28 U.S.C. § 1446 requires the unanimous consent of all defendants to the removal. *Loftis v. UPS, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). The statute, however, requires only those "defendants who

have been properly joined and served" to consent to removal. 28 U.S.C. § 1446(b)(2)(A). The Court finds that O'Brien is not a "properly joined" defendant to this action. First, the instant suit involves a *garnishment* action that is entirely separate and distinct from the underlying state court probate litigation. Second, it appears to the Court that O'Brien does not have an interest in the garnishment action. In the probate litigation, Plaintiffs and O'Brien entered into a settlement agreement whereby O'Brien "assign[ed] to Plaintiffs any and all rights and claims which [O'Brien] may have against any insurer for insurance coverage (defense and/or indemnity) . . . ." In turn, Plaintiffs then agreed that O'Brien would not "be required to pay or otherwise contribute to the payment of any such judgment, even if such payment or contribution is sought by an individual or entity who is not a party to this Agreement." Thus, Plaintiffs' argument that O'Brien is, or should be, a defendant in the instant case is flawed.

Notwithstanding that, the Court finds nothing indicating that O'Brien has, in fact, been served by Plaintiffs. Although Plaintiffs filed a certificate of service corroborating that copies of the summons and complaint were served on Defendant Hartford, they fail to similarly include such substantiation with respect to O'Brien. In short, the Court concludes that O'Brien has not been "properly joined and served," and Defendant Hartford was therefore not required to seek her consent prior to filing the notice of removal.

**B. PROBATE EXCEPTION**

It is well-settled that federal district courts do not enjoy jurisdiction over state probate matters. *See, e.g.*, *Markham v. Allen*, 326 U.S. 490, 494 (1946) (citing cases). In *Markham*, the Supreme Court reaffirmed that a federal court may not exercise its otherwise proper jurisdiction when doing so would interfere with state probate matters. *Id*. This is the so-called "probate exception" to federal jurisdiction. The Supreme Court limited the *Markman* holding, however, in *Marshall v. Marshall*, 547 U.S. 293 (2006). The Court clarified that this narrow exception "reserves to state probate courts the probate or

3

annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12.  In all other situations, the doctrine "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312.

Here, the garnishment action is separate and distinct from the underlying probate litigation.  Contrary to Plaintiffs' arguments, the instant case does not deal with the administration of an estate or disposal of property that is being held by the state probate court.  Rather, the issue in this case is whether or not Plaintiffs are entitled to garnish Defendant Hartford's insurance policies to satisfy the judgment Plaintiffs obtained against O'Brien.  As such, the Court finds that Plaintiffs cannot rely on the "probate exception" as a basis for remand.

## C. DECLARATORY JUDGMENT ACT

Last, Plaintiffs' argument that the Court should refrain from exercising its discretionary jurisdiction under the Declaratory Judgment Act misses the mark.  As previously mentioned, the instant case involves a garnishment action.  The Court questions why Plaintiffs attempt to invoke the Declaratory Judgment Act when Plaintiffs seek monetary—as opposed to declaratory—relief.  Accordingly, the Court dismisses this argument.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand [dkt 7] is DENIED.

IT IS SO ORDERED.

                                                    s/Lawrence P. Zatkoff
                                                    Hon. Lawrence P. Zatkoff
                                                    U.S. District Judge

Dated: September 19, 2013